

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

June 5, 2013

**SUBMITTED UNDER SEAL PURSUANT TO 18 U.S.C. § 3511(d)
AND SEALING ORDER DATED APRIL 22, 2013**

**By E-Mail** (SullivanNYSDchambers@nysd.uscourts.gov)
The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *In re National Security Letter*, No. 13 Civ. 2642 (RJS)

Dear Judge Sullivan:

I am the Assistant United States Attorney representing Petitioner Eric Holder, Attorney General of the United States (hereinafter the "Government"), in the above-referenced matter in which the Government sought to enforce a National Security Letter dated ⬚⬚⬚⬚ 2013 (the "New York NSL") that was served by the Federal Bureau of Investigation ("FBI") on ⬚⬚⬚⬚ ⬚⬚⬚⬚ on April 22, 2013.  I write in response to the Court's sealed order dated May 31, 2013, which directed the parties to address whether this matter or any portions thereof should remain under seal in light of the presumption in favor of open records and Judge Illston's order dated May 20, 2013, which publically revealed the existence of this litigation, *see In re Nat'l Sec'y Ltrs.*, No. 13-mc-80063 (SI), slip op. at 4 (N.D. Cal. May 20, 2013).

The Government believes that substantial portions of this matter should be unsealed, and has been working on preparing redacted versions of the pleadings, submissions, and other filings in this case (collectively, the "court documents").  Certain targeted redactions to the court documents are warranted, however, in light of the applicable statute and national security harms that may flow from public disclosure of this information.  Most importantly, the Government respectfully submits that the identity of the electronic communications service provider in this matter should remain under seal.  Indeed, Judge Illston's May 20 order, which revealed the existence of this litigation, does not divulge the identity of the NSL recipient in either case, and likewise no such disclosure is warranted here.  For the reasons described below, the Government

The Honorable Richard J. Sullivan                                                      page 2
June 5, 2013

submits that the redactions in this matter should be no more or less expansive in scope than those reflected in Judge Illston's May 20 order.

Section 2709(c) of Title 18 of the United States Code expressly provides for non-disclosure of an NSL request for records where an authorized FBI official certifies that disclosure may result in, *inter alia*, a danger to national security or interference with a criminal, counterterrorism, or counterintelligence investigation.  18 U.S.C. § 2709(c).  Relatedly, the judicial review provisions governing enforcement of NSLs issued pursuant to section 2709 mandate that judicial proceedings and associated records remain under seal "to the extent and as long as necessary" to protect against unauthorized disclosure.  *See* 18 U.S.C. § 3511(d).  As the Second Circuit explained in *Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008), "[a] demonstration of a reasonable likelihood of potential harm, related to international terrorism or clandestine intelligence activities, will virtually always outweigh the First Amendment interest in speaking about such a limited and particularized occurrence as the receipt of an NSL and will suffice to maintain the secrecy of the fact of such receipt."  *Id.* at 882.  In assessing whether disclosure of the receipt of an NSL may reasonably result in potential national security harms, courts must substantially defer to the Government's judgment.  *Id.* at 871 ("The national security context in which NSLs are authorized imposes on courts a significant obligation to defer to judgments of Executive Branch officials."); *see also id.* at 881.

Here, the requisite certification has been made and is reflected in the record of this judicial proceeding.  Unsealing the identity of the New York NSL recipient would tie a particular electronic communications service provider to a particular NSL served at a particular point in time in a particular geographic area of the United States.  Revelation of such detail would alert current and potential adversaries and targets to the specific parameters of the New York NSL.  Fearful of being the subject of the New York NSL or another NSL, an adversary or target currently using the services of the provider in this area may change tactics and stop using the provider's services altogether.  In addition, since it is publicly known that the provider in this case and Judge Illston's case is the same company, publication of the provider's identity would also supply adversaries and targets with information concerning the exact number of NSLs received by this provider within a fairly short period of time, allowing them to draw inferences about the likelihood that information concerning their email accounts will be or has been discovered.

When considered in the aggregate, *see Healy v. Beer Institute Inc.*, 491 U.S. 324, 336 (1989); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 568 (1985), the harms threatened by such a disclosure are quickly compounded.  If disclosure of the identity of the provider were permitted in this case, presumably the same rationale underlying such disclosure would be used in an effort to justify similar disclosures in other cases.  A general rule permitting the disclosure of the identity of the electronic communications service provider in a judicial proceeding regarding the enforcement of an NSL would on a cumulative basis divulge

The Honorable Richard J. Sullivan                                                                 page 3
June 5, 2013

substantial, discrete information concerning the volume and frequency of NSLs issued and the geographic venues of enforcement proceedings, and tie particular providers to particular NSLs issued at particular points in time. This window into the universe of NSLs issued by the FBI would provide a wealth of detailed information to our adversaries, contrary to the structure and intent of the statutory scheme, and would help to facilitate detection and evasion of our intelligence and counter-terrorism efforts.[1]

Significantly, Judge Illston's May 20 order is to the same effect. While Judge Illston intended for the entirety of her order to be made public, she chose not to include the identity of the NSL recipient in that case (including in the caption of the order). In addition, upon a stipulation between the parties, Judge Illston permitted redaction of the date range during which the 19 NSLs at issue in that case were issued. The Government respectfully submits that the same limited information should remain under seal with respect to all court documents in this case. Thus, the Government seeks to redact from the court documents only information revealing the identity of the NSL recipient, the date range of the 19 NSLs at issue before Judge Illston, the date the New York NSL was issued (although not the date it was served), and references to the 10 day objection period.[2]

Finally, the fact that there has been an inadvertent disclosure of the provider's identity both by the district court in the Northern District of California and this district court, while unfortunate, does not provide a basis for unsealing the provider's identity.[3] *See, e.g., Wilson v. CIA*, 586 F.3d 171, 186-87 (2d Cir. 2009); *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007); *Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999); *Al-Haramain Islamic Found., Inc. v. Bush*, 451 F. Supp. 2d 1215, 1229 (D. Or. 2006), *rev'd in part on other grounds*, 507 F.3d 1190 (9th Cir. 2007); *Earth Pledge Found. v. CIA*, 988 F. Supp. 623, 628 (S.D.N.Y. 1996).

As noted above, we are in the process of preparing redacted versions of all of the sealed court pleadings and documents in this case along the lines discussed in this letter. We would propose to submit a set of redacted documents to this Court within 9 days of this letter, or June 13, 2013.

---

[1]

[2] If the Court deems it necessary, the Government is prepared to submit a declaration further discussing the harms that may attend disclosure of the limited information it seeks to redact in this case.

[3] With respect to this case, the Government requested yesterday that the Court direct the clerk's office to mark the civil cover sheet revealing the NSL recipient's identity "under seal" and to substitute a redacted cover sheet. In the case pending before Judge Illston, the clerk's office inadvertently placed on the public docket filings identifying the NSL recipient, notwithstanding that that case was also filed under seal. This occurred prior to the filing of the instant case. The clerk's office promptly removed the filings from the public docket upon being alerted to the disclosure.

The Honorable Richard J. Sullivan                                                                 page 4
June 5, 2013

We thank the Court for its consideration of this matter.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     */s/ Tara M. La Morte*
        TARA M. La MORTE
        Assistant United States Attorney
        Telephone: (212) 637-2746
        Facsimile:  (212) 637-2702
        tara.lamorte2@usdoj.gov

cc:     Todd Hinnen, Esq.
        Perkins Coie
        *Attorney for*