JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re NATIONAL SECURITY LETTER

------------------------------------------------------------x

13 CV 2642

FILED UNDER SEAL
PURSUANT TO 18 U.S.C. § 3511(d)

**Petition for Judicial Review and Enforcement of a National Security Letter
Pursuant to 18 U.S.C. § 3511(c)**

Petitioner Eric Holder, Attorney General of the United States of America, brings this petition for judicial review to enforce compliance with the information request and nondisclosure provisions of a National Security Letter, and states as follows:

RECEIVED APR 2 2 2013 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTION

1. Counterintelligence and counterterrorism investigations ordinarily must be carried out in secrecy if they are to succeed. Because these investigations are directed at groups or individuals taking efforts to keep their own activities secret, it is essential that targets not learn that they are the subject of such an investigation. If targets learn that their activities are being investigated, they can be expected to take action to avoid detection or disrupt the government's intelligence gathering efforts. The same concern applies to knowledge about the sources and methods the United States intelligence community may be using to acquire information, knowledge which can be used both by the immediate targets of an investigation and by other terrorist and foreign intelligence organizations. And even after a particular investigation has been completed, information about the government's investigative methods can educate other potential targets about how to circumvent and disrupt future counterintelligence or counterterrorism investigations.

2.    As part of an ongoing, authorized national security investigation by the Federal Bureau of Investigation ("FBI"), on April 22, 2013, the FBI served respondent [          ] or "respondent") with a National Security Letter ("NSL") dated [    ] 2013, as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation. An authorized FBI official certified to respondent that disclosure of the fact or contents of the NSL sent to respondent may, *inter alia*, endanger national security. Moreover, disclosure of the fact or contents of the NSL is prohibited by statute, 18 U.S.C. § 2709.

3.    On information and belief, [    ] will not voluntarily comply with the NSL. [    ] has failed to comply with requests for information contained in all NSLs issued by the FBI since March 14, 2013 nationwide, including one recently issued by the FBI's New York Division. . As explained further below, *see* paragraph 28 *infra*, [    ] actions show that it will not comply with any pending or prospective NSL, including the NSL at issue in this case. However, the FBI needs the information sought by the NSL to further its ongoing authorized national security investigation. Moreover, an authorized FBI official has certified pursuant to law, 18 U.S.C. § 2709(c), that disclosure of the fact or contents of the NSL may, *inter alia*, endanger the national security of the United States. For those reasons, the Attorney General brings this petition to protect the national security and enforce the law. This Court should enter an Order declaring that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709(c), and must comply with the information request in the NSL pursuant to 18 U.S.C. § 2709(a).

## JURISDICTION AND VENUE

4.    The Court has jurisdiction pursuant to 18 U.S.C. § 3511(c), which provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States

within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." The NSL request at issue here included notification and imposition of the nondisclosure requirement. *Accord* 18 U.S.C. § 2709(c)(2) (among other things, an NSL "notif[ies] the person or entity to whom the request is directed of the nondisclosure requirement."). Under section 3511(c), this Court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the court may be punished as contempt. *Id.* The Court also has jurisdiction under 28 U.S.C. § 1345.

5. Venue lies in the Southern District of New York pursuant to 18 U.S.C. § 3511(c) and 28 U.S.C. § 1391. As discussed infra at ¶ 21, the underlying, authorized FBI investigation pursuant to which the NSL was served is being conducted by FBI agents in New York, New York.

**PARTIES**

6. Petitioner is the Attorney General of the United States. The Attorney General is the nation's chief law enforcement officer and the head of the United States Department of Justice, an Executive Agency of the United States of America. The FBI is a law enforcement agency within the Department of Justice.

7. Respondent ▮▮▮ is a corporation organized and existing under the laws of ▮▮▮ with employees and offices dispersed across the world. ▮▮▮ headquarters are located at ▮▮▮ maintains a place of business at, among other locations, ▮▮▮ New York, NY ▮▮▮ By and through its operation of the website ▮▮▮ respondent offers electronic communication services to its customers and accountholders, including email services through ▮▮▮

## STATUTORY BACKGROUND

8.     Title 18 U.S.C. § 2709 authorizes the FBI to issue NSLs in connection with foreign counterintelligence and counterterrorism investigations. The FBI has similar authority to issue NSLs under the National Security Act of 1947, the Fair Credit Reporting Act, and the Right to Financial Privacy Act. *See* 12 U.S.C. §§ 3414(a)(1), 3414(a)(5); 15 U.S.C. § 1681u, 1681v; 50 U.S.C. § 436.

9.     Subsections (a) and (b) of § 2709 authorize the FBI to request "subscriber information" and "toll billing records information," or "electronic communication transactional records," from wire or electronic communication service providers. In order to issue an NSL, a designated official must certify that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities . . . ." *Id.* § 2709(b)(1)-(2). When an NSL is issued in connection with an investigation of a "United States person," the same officials must certify that the investigation is "not conducted solely on the basis of activities protected by the first amendment . . . ." *Id.*

10.     To protect the secrecy of counterintelligence and counterterrorism investigations, § 2709(c) permits the placement of a nondisclosure obligation on an NSL recipient. Section 2709(c) prohibits disclosure when a designated FBI official certifies, prior to the issuance of the NSL, that "otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." *Id.* § 2709(c)(1). When such a certification is made, the NSL itself notifies the recipient of the nondisclosure requirement. *Id.* § 2709(c)(2).

11.     Title 18 U.S.C. § 3511 provides for judicial review of NSLs.

12. Section 3511(a) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside the request" for information contained in the NSL.

13. Section 3511(b) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside a nondisclosure requirement imposed in connection with" the NSL. *Id.* § 3511(b)(1).

14. Section 3511(c) authorizes the government to petition a district court for enforcement of an NSL. Section 3511(c) provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." Where a designated official has certified the need for nondisclosure pursuant to 18 U.S.C. § 2709(c), the NSL "request" includes notification and imposition of the nondisclosure requirement. *Id.* § 2709(c)(2). Pursuant to 18 U.S.C. § 3511(c), a court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the court may be punished as contempt. *Id.*

15. In response to the holding of the United States Court of Appeals for the Second Circuit in *John Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) (modifying an injunction by the Southern District of New York), in February 2009 the FBI modified its NSL practices to ensure that government-initiated judicial review is available to all recipients of NSLs that impose a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c). Since February 2009, therefore, all such NSLs are required to include a notice that informs recipients of the opportunity to contest the nondisclosure requirement through government-initiated judicial review.

16. All NSLs issued nationwide and including imposition of a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c), including the [ ] 2013 NSL issued to respondent, have informed the recipient that, *inter alia*, "[i]n accordance with 18 U.S.C. § 3511(a) and (b)(1), you have a right to challenge this letter if compliance would be unreasonable, oppressive, or otherwise unlawful."

17. All NSLs issued nationwide and including imposition of a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c), including the [ ] 2013 NSL issued to respondent, have informed the recipient that, *inter alia*, "[y]ou also have the right to challenge the nondisclosure requirement. . . . If you wish to make a disclosure that is prohibited by the nondisclosure requirement, you must notify the FBI, in writing, of your desire to do so within [ ] calendar days of receipt of this letter." Such NSLs have provided an appropriate address or fax number where such objection may be sent, and stated "[i]f you send notice within [ ] calendar days, the FBI will initiate judicial proceedings in approximately 30 days in order to demonstrate to a federal judge the need for nondisclosure and to obtain a judicial order requiring continued nondisclosure."

18. In light of respondent's demonstrated objection to compliance with NSLs absent a judicial order, *see* ¶¶ 3, *supra*, & 28, *infra*, the Attorney General hereby initiates judicial review of the [ ] 2013 NSL without need for additional notice from respondent and, therefore, seeks judicial review and enforcement of the [ ] 2013 NSL.

## STATEMENT OF THE CLAIM

I. [ ] **and Electronic Communication Services**

19. On and through its website [ ] respondent offers services that offer respondent's users and accountholders the means to communicate electronically with others,

including for example providing [    ] accountholders with the means to send and receive electronic communications through their [    ] accounts.

20.   The various communications features that [    ] provides to the users and accountholders of [    ] are an "electronic communications service" as that term is defined in 18 U.S.C. § 2510(15). [    ] is the provider of this electronic communications service.

## II.   The FBI's Investigation

21.   During the course of an ongoing, authorized national security investigation carried on primarily by agents in the FBI's New York Division, the FBI obtained information that led it to believe that the user of a particular [    ] account may be involved in conducting activities relating to an ongoing, authorized national security investigation. The investigation is centered in New York.

22.   To determine the identity of the suspected [    ] user, and pursuant to 18 U.S.C. § 2709, the FBI served [    ] with an NSL on or about April 22, 2013, requesting the name, address, and length of service for all services associated with the [    ] account in question. The NSL does not request the content of any communication.

23.   The NSL served on [    ] was issued by the Special Agent in Charge ("SAC") of the New York Division of the FBI under the authority of 18 U.S.C. § 2709. The SAC certified, in accordance with 18 U.S.C. § 2709(b), that the information sought was relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

24.   The NSL directed [    ] to provide the records requested by the NSL within [    ] business days of receipt through the use of a delivery service to the FBI's New York Division.

25.   The NSL also informed [    ] of the prohibition against disclosing the contents of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result in an

enumerated harm that is related to an "investigation to protect against international terrorism or clandestine intelligence activities."

26. The NSL notified [ ] that, in accordance with 18 U.S.C. § 3511(a) and (b), [ ] had a right to challenge the letter if compliance would be unreasonable, oppressive, or otherwise illegal.

27. The NSL also advised that [ ] had [ ] days to notify the FBI as to whether it desired to challenge the nondisclosure provision. The NSL further advised that if [ ] advised the FBI within [ ] calendar days that it objects to the nondisclosure provision, the government would initiate judicial proceedings approximately 30 days thereafter in order to demonstrate to a federal judge the need for nondisclosure pursuant to § 2709(c).

## III.  [ ]  Failure to Comply with National Security Letters

28. [ ] has refused to comply with requests for information contained in pending NSLs issued since March 14, 2013 by the FBI nationwide . By way of background, on March 29, 2013, [ ] instituted a miscellaneous action in the Northern District of California pursuant to 18 U.S.C. § 3511 alleging it need not comply with 19 pending NSLs to [ ] (*See* Declaration of Tara M. La Morte, dated April 22, 2013 ("La Morte Decl.") ¶ 2, Ex. A (In re [ ] Petition to Set Aside Legal Process, Case No. 13-mc-80063 SI (N.D. Cal.))). In support, [ ] relied on an order issued by the Northern District of California on March 14, 2013 in a separate case brought by another electronic communications provider. In that order, the California district court held that 18 U.S.C. §§ 2709 and 3511 are unconstitutional in part. Although the court agreed that that the limiting construction adopted by the Second Circuit in *John Doe Inc. v. Mukasey*, 549 F.3d 861 (2d Cir. 2008), addressed the statutes' constitutional infirmities, it nonetheless determined that such construction was beyond the judicial power. *See In re Nat'l Sec'y Ltr.*, -- F. Supp. 2d --,

2013 WL 1095417 (N.D. Cal. Mar. 14, 2013). The court thus issued a sweeping injunction, enjoining the government from issuing NSLs "in th[at] or any other case," but simultaneously stayed its order pending appeal. *Id.* at *16. Notwithstanding that the district court stayed its order, on March 29, [redacted] filed a petition before the California court requesting that the court set aside 19 NSLs then-pending around the country (including one issued by the FBI's New York Division on [redacted] 2013), as well as "any [additional NSLs] received while this Petition is pending." (La Morte Decl. Ex. A). [redacted] further requested that the court "enjoin the FBI from issuing to [redacted] further NSLs[,]" and permit [redacted] to disclose the 19 NSLs to each respective account holder. *See id; contra* 18 U.S.C. § 3511 (not providing for such prospective relief). Notwithstanding that the California court's stay remains in effect and that [redacted] March 29 petition remains pending, [redacted] has nonetheless refused to comply with the information requests in any of these NSLs, including the [redacted] 2013 NSL served by the FBI's New York Division. [redacted] actions evidence that it will fail to comply with the information requests contained in pending and future NSLs, including the NSL at issue in this matter and any other NSLs within the jurisdiction of the Second Circuit, absent a court order.

29. A designated FBI official has certified pursuant to 18 U.S.C. § 2709 that the information sought in the NSL at issue here is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities, and that disclosure of the fact that the FBI has sought or obtained access to the information sought by the NSL may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. *See* 18 U.S.C. §§ 2709(b), (c)(1).

30. Pursuant to 18 U.S.C. § 3511(e), the Attorney General will make available to the Court *ex parte* and *in camera* further evidence supporting the need for obtaining the information sought by the NSL to [ ] and the damage expected to flow from its disclosure.

31. [ ] has demonstrated that, absent a court order, it will not comply with the NSL lawfully issued pursuant to 18 U.S.C. § 2709.

32. [ ] failure to comply with the lawfully issued NSL would violate federal law, 18 U.S.C. § 2709.

33. [ ] failure to comply with the lawfully issued NSL would interfere with the United States' vindication of its sovereign interests in law enforcement, counterintelligence, and protecting national security.

34. The NSL information request was imposed on [ ] consistent with the law, 18 U.S.C. § 2709(c), is fully authorized and in all other respects is proper and entitled to enforcement by this Court.

## RELIEF REQUESTED

WHEREFORE, the Attorney General of the United States requests the following relief:

1. That this Court enter an Order pursuant to 18 U.S.C. § 3511(c) declaring that the respondent is bound by the provisions of 18 U.S.C. § 2709 and the NSL, including the requirements that the respondent provide the requested information to the FBI and abide by the nondisclosure provisions of 18 U.S.C. § 2709(c) and the NSL.

2. That this Court enter an Order pursuant to 18 U.S.C. § 3511(c) affirming that disclosure of the fact or contents of the NSL served on [ ] may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or

physical safety of a person; and that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 and the NSL, including the requirement that respondent not disclose the fact or contents of the NSL to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

3. That this Court Order respondent, in accordance with 18 U.S.C. §§ 2709 and 3511(c), to promptly provide to the FBI the information requested in the NSL.

4. That this Court enjoin respondent, in accordance with 18 U.S.C. §§ 2709(c) and 3511(c), from disclosing to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the FBI has sought or obtained access to information or records from respondent under 18 U.S.C. § 2709.

5. That this Court grant the Attorney General such other and further relief as may be just and proper.

Dated: New York, New York
April 22, 2013

By: /s/

PREET BHARARA
United States Attorney for the
Southern District of New York

TARA LA MORTE
JEFFREY OESTERICHER
BENJAMIN TORRANCE
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2746/2698/2703
Facsimile No. (212) 637-2730
tara.lamorte2@usdoj.gov
jeffrey.oestericher@usdoj.gov
Benjamin.torrance@usdoj.gov