UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re* NATIONAL SECURITY LETTER

No. 13 Civ. 2642 (RJS)
<u>SEALED ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

By Order dated June 7, 2013, the Court granted the government's request to seal (1) information revealing the identity of the recipient of the national security letter ("NSL") at issue in this action, (2) the date that the NSL was issued, (3) the date range of the nineteen NSLs at issue before Judge Illston, and (4) any references to the ▬ day objection period. On June 20, 2013, Respondent filed a motion for reconsideration of the Court's Order to the extent that it requires redaction of Respondent's identity as the recipient of the NSL at issue in this action. The government submitted its opposition to Respondent's motion on July 3, 2013.

"A motion for reconsideration under . . . Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v. BCD Music Grp., Inc.*, No. 08 Civ. 5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276 (DLC), 2004 WL 185768, at *1 (S.D.N.Y. Aug. 18, 2004)). Moreover, importantly, a motion for reconsideration "may not be

used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07 Civ. 2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); accord *Kahala Corp. v. Holtzman*, No. 10 Civ. 4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Here, Respondent clearly fails to meet the "strict" standard governing motions for reconsideration. *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted). At the outset, the Court notes that when first given the opportunity to contest further sealing of this matter, Respondent submitted a letter, dated June 4, 2013 (the "June 4 Letter"), offering only the conclusory assertion that "neither this matter nor any portion thereof should remain sealed." Respondent now argues that "newly discovered evidence" warrants reconsideration of the Court's ruling. The "newly discovered evidence" it cites, however, either is not in fact new, or, if new, is simply irrelevant.

The former category comprises (1) a ▇▇▇▇▇▇▇ issued by Respondent that discusses its receipt of NSLs in general terms and (2) various press stories reporting that Respondent is a party to this action. As all of those documents were available to Respondent when it submitted the June 4 Letter, however, they cannot be introduced for the first time on a motion for reconsideration. *See Am. ORT, Inc.*, 2012 WL 2588888, at *3. The latter category comprises (1) ▇▇▇▇▇▇▇ Respondent's involvement in particular national security surveillance programs and (2) a statement by the White House Deputy Press Secretary indicating that the White House "welcome[s]" public debate over such programs. Given that neither of those items even references NSLs or the instant case, the Court fails to see their significance. Respondent may be correct that those items have fanned public interest in Respondent's involvement in national security programs, but that development in no way bears

2

on the legal standard governing sealing. *See* 18 U.S.C. §§ 2709(c), 3511(d); *Doe v. Mukasey*, 549 F.3d 861, 882 (2d Cir. 2008) ("A demonstration of a reasonable likelihood of potential harm, related to international terrorism or clandestine intelligence activities, will virtually always outweigh the First Amendment interest in speaking about such a limited and particularized occurrence as the receipt of an NSL and will suffice to maintain the secrecy of the fact of such receipt."). The government has certified that disclosure of Respondent's receipt of this particular NSL would harm our national security; Respondent offers neither argument nor evidence to the contrary. Accordingly, its motion for reconsideration is DENIED.

SO ORDERED.

Dated:   August 9, 2013
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE