FILED

MAY 21 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE NATIONAL SECURITY LETTERS,   No. C 13-80063 SI

**ORDER DENYING PETITION TO SET ASIDE AND GRANTING CROSS-PETITION TO ENFORCE**

_____/

Currently before the Court is a Petition to modify or set aside nineteen (19) National Security Letters (NSLs) that were issued to Petitioner by the Federal Bureau of Investigation between ▓▓▓▓▓ 2013 under 18 U.S.C. §§ 3511(a) and (b). Petition, filed 3/29/13. The Government, in addition to opposing the Petition, filed a Cross-Petition to enforce the 19 NSLs under 18 U.S.C. § 3511(c). Cross-Petition, filed 4/26/13. Also before the Court is a second Petition filed by Petitioner on April 26, 2013, which seeks to modify or set aside an NSL served on Petitioner on April 22, 2013 in New York ("New York NSL"). Second Petition, filed 4/26/13. On the same date the Government served the New York NSL, the Government filed a Petition in the Southern District of New York seeking to enforce the New York NSL. *See* Notice, filed 4/22/13.

The matters pending before this Court were heard on May 10, 2013. Having considered the papers submitted, including the classified declarations of Stephanie Douglas and Robert Anderson submitted *ex parte* for the Court's review, and the arguments made by counsel, the Court rules as follows.

1. **First 19 NSLs**

The Court rejects Petitioner's argument that the 19 NSLs at issue can be set aside, and the Court can enjoin the FBI from issuing future NSLs to Petitioner, solely on the basis that this Court found unconstitutional portions of the NSL statutes governing nondisclosure orders issued in conjunction with NSLs. *See In re NSL*, No. 3:11-2173 (March 14, 2013) (finding 18 U.S.C. § 2709(c), 18 U.S.C. §§ 3511(b)(2), (b)(3)) facially unconstitutional). The Court's judgment – as to the enforcement of the particular NSL at issue in that case – was stayed pending appeal. Whether the challenged nondisclosure provisions are, in fact, facially unconstitutional will be determined in due course by the Ninth Circuit.

As to the issues before the Court on the current Petition to modify or set aside, the Court will review the arguments and evidence on an NSL-by-NSL basis. In particular, the Government has submitted evidence – both unclassified and classified – intended to demonstrate that the 19 NSLs were issued in full compliance with the procedural and substantive requirements imposed by the Second Circuit in *Doe v. Mukasey*, 549 F.3d 861 (2nd Cir. 2008). Those requirements include: (1) notifying NSL recipients that the government will initial judicial review of the nondisclosure order and underlying NSL if the recipient objects to compliance; (2) certifying that the nondisclosure order is necessary to prevent interference with an authorized investigation to protect against international terrorism or clandestine intelligence agencies; (3) upon a challenge in Court, the government submits evidence to show the District Court judge there is a "good reason" to believe that absent nondisclosure, some reasonable likelihood of harm to an authorized investigation to protect against international terrorism or clandestine intelligence agencies will result; and (4) the District Court is not expected to treat the FBI's certification as to the necessity of the nondisclosure as conclusive, but to conduct a searching review of the evidence submitted. *Id.*, at 883-84.

Although not privy to the classified information, Petitioner does not dispute that the FBI has complied with the strictures imposed by the Second Circuit. The Government has, therefore, complied with procedural and substantive requirements that the Court and Petitioner in the Court's prior case recognized could result in a constitutional application of the nondisclosure and judicial review provisions of 18 U.S.C. § 2709(c) and 18 U.S.C. §§ 3511(b)(2), (b)(3). *See In re NSL*, No.

3:11-2173 (March 14, 2013) at 7, 21-23. In these circumstances – given the as-applied showings, given that the constitutionality of the statute as written is under review at the Ninth Circuit, and given that Petitioner did not raise arguments *specific* to the 19 NSLs at issue why the nondisclosure orders should not be enforced – the Court DENIES the Petition to modify or set aside the 19 NSLs on the arguments.

Turning to the Government's Cross-Petition to enforce, the Government argues that in determining whether to enforce administrative subpoenas (like the NSLs at issue), the Court must consider: (1) whether Congress has granted the FBI the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence sought is relevant and material to the investigation. *See EEOC v. Children's Hospital Medical Center*, 719 F.2d 1426, 1428 (9th Cir. 1983).[1] Having reviewed the Government's arguments and evidence submitted, the Court finds that as to 17 of the 19 NSLs, Congress has authorized the FBI to seek the information requested, the procedural requirements set both by the statute and by the Second Circuit's *Doe v. Mukasey* decision have been followed, and the evidence sought is relevant and material to the investigations. In particular, as disclosed in the Government's pleadings, a senior FBI official has certified that the information sought is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities; and the investigations, where aimed at a "United States person," are not conducted solely on the basis of activities protected by the First Amendment. *See* Cross-Petition at 19 (citing Douglas Declaration). The Government's declarant also explains what information is being sought in each NSL and how that information is relevant to a pending national security investigation. *Id.*, at 20. Having reviewed the arguments and evidentiary showing made, the Court finds that the government has met its burden to enforce these NSLs and therefore GRANTS the Government's Cross-Petition to enforce as to requests Nos. 1-10 and 13-19.

---

[1] Petitioner did not file a brief in opposition to the Government's Cross-Petition to enforce. During argument, Petitioner did not dispute or address whether NSLs are akin to "administrative subpoenas" or what standard of review the Court need apply in ruling on the Government's Cross-Petition.

As to two of the NSLs, Nos. 11 & 12, the Court has requested, through the Court Security Officer, that the Government provide further information. The Court will issue a further ruling after receipt of the information to be provided.

**2.  New York NSL**

Finally, addressing the New York NSL, the Court notes that the Government's Petition to enforce was filed in the Southern District of New York *prior* to Petitioner filing its Petition to modify or set aside the same here. Petitioner argues that the Government's actions were contrary to the judicial review provisions in 18 U.S.C. § 3511 because Petitioner had not been given the opportunity to comply or object to the New York NSL before the Government filed its petition to enforce. The Court finds that whether the Government appropriately sought judicial enforcement of the New York NSL is more squarely raised in the Southern District of New York proceeding and is likely to be resolved by Judge Sullivan. Therefore, the Court DENIES without prejudice Petitioner's Second Petition seeking to modify or set aside the New York NSL. If Judge Sullivan finds that the Government's enforcement petition was not appropriately filed in the Southern District of New York and/or does not reach the merits of the enforceability of that NSL, Petitioner or the Government may seek immediate judicial review in this forum on renewed Petitions.[2]

IT IS SO ORDERED.

Dated: May 20, 2013

SUSAN ILLSTON
United States District Judge

---

[2] While this case has been sealed pursuant to 18 U.S.C. § 3511(d), the Court finds that nondisclosure of this Order is not necessary to prevent a disclosure of a request for records under 18 U.S.C. § 2709(b). Therefore, this Order shall not be sealed and shall be publicly available.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE: NATIONAL SECURITY LETTERS,

        Plaintiff,

v.

,

        Defendant.
_____/

Case Number: 13-80063 MISC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Albert Gidari , Jr.**
Perkins Coie LLP
Seattle
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

**Kevan Fornasero**
Perkins Coie LLP
4 Embarcadero Center
Suite 2400
San Francisco, CA 94111

**Steven Yale Bressler**
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

May 21, 2013

                                Richard W. Wieking, Clerk

                                By: T. Kasamoto