UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

In re NATIONAL SECURITY LETTER

13 cv 2642 (RJS)

**FILED UNDER SEAL
PURSUANT TO 18 U.S.C. § 3511(d)
AND SEALING ORDER DATED
APRIL 22, 2013**

------------------------------------------------------------------- x

**Memorandum of Law in Opposition to ▓▓▓▓▓▓ Motion
for Reconsideration of the Court's Order of June 7, 2013,
Granting the Government's Request to Redact Information
Identifying ▓▓▓▓▓▓**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2746
Fax: 212.637.2702
E-mail: tara.lamorte2@usdoj.gov

TARA M. La MORTE
Assistant United States Attorney

– Of Counsel –

## Table of Contents

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT .................................................................................................................2

RESPONDENT HAS FAILED TO ADDUCE NEW EVIDENCE
WARRANTING RECONSIDERATION OF THE JUNE 7 ORDER ...............................2

I.   Standard for Motion for Reconsideration ............................................................2

II.  Respondent's "Newly Discovered Evidence" Has No
     Bearing on the Court's June 7 Order to Maintain Under
     Seal Information Identifying Respondent as the Recipient of
     The New York NSL ..............................................................................................4

III. Respondent's ███████████ and News Reporting
     Substantially Pre-dating the June 7 Order Do Not Supply a
     Proper Basis for Reconsideration of the Court's June 7 Order ...........................6

CONCLUSION ..............................................................................................................8

## PRELIMINARY STATEMENT

By order dated May 31, 2013, this Court directed the parties in this case to "submit a letter to the Court addressing whether, in light of the presumption in favor of open records . . . and Judge Illston's opinion, this matter or any portions thereof should remain under seal." (May 31 Order at 1). In response, the Government stated that substantial portions of this matter should be unsealed, but that certain specific, limited information – including information identifying ▓▓▓▓▓▓▓▓ (hereinafter "Respondent") as the recipient of the NSL at issue in this case (the "New York NSL") – should remain sealed in light of the national security harms that could reasonably be expected to flow from disclosing that information. (*See* Ltr. from Government to Court dated June 4, 2013, at 2-3). In contrast to the Government's detailed letter, Respondent did nothing more than baldly claim that "neither this matter nor any portion thereof should remain sealed." (Ltr. from Respondent to Court dated June 4, 2013). On June 7, 2013, the Court granted the Government's proposed, limited redactions, finding that the Government had satisfied the standard for non-disclosure of an NSL request for records and of judicial proceedings reviewing such a request (the "June 7 Order"). In accordance with that Order, the Government submitted a set of redacted documents to the Court.

Respondent now seeks reconsideration of the Court's June 7 Order, purportedly on the ground of "newly discovered evidence." (Resp. Br. at 1). Respondent's motion should be denied. As an initial matter, Respondent fails to come to terms with the relevant standard governing reconsideration, which is considered an extraordinary remedy that should be rarely employed. That standard is not met here. Rather, in support of its attempt to have the Court revisit the June 7 Order, Respondent vaguely cites "newly discovered evidence" in the form of a newspaper article about the NSA's so-called "Prism" program and statements by the White

House Deputy Principal Press Secretary regarding a leaked FISA court order pertaining to Section 215 of the Patriot Act. None of this evidence pertains to NSLs generally or this case in particular. It is therefore not remotely relevant and does not justify reconsideration of the June 7 Order. In addition, while Respondent acknowledges that the Government's redaction of its identity "may have made sense" prior to the June 7 Order, to the extent Respondent is relying on press reporting pre-dating its June 4 letter to the Court and its own ▒▒▒▒▒ to argue that the Court's June 7 Order is incorrect, such evidence does not constitute a proper basis for reconsideration. Respondent could have raised such evidence in connection with its June 4 letter to the Court, but failed to do so. In any event, the Court has not overlooked this evidence, as it was expressly made aware of such press reporting and Respondent's ▒▒▒▒▒ prior to the June 7 Order. As a result, Respondent's motion for reconsideration should be denied.

## ARGUMENT

### Respondent Has Failed to Adduce New Evidence Warranting Reconsideration of the June 7 Order

**I.   Standard for Motion for Reconsideration**

Local Civil Rule 6.3 permits a party to move for reconsideration of a court's decision. As courts in this district have repeatedly counseled, reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks and citation omitted); *see also, e.g., Hinds County, Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010). Thus, the standard for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Space Hunters, Inc. v. United States*, 500

2

F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *See id.* at 81, 82.

"Importantly, a motion for reconsideration 'may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court.'" *R.B. ex rel. A.B. v. Dep't of Educ. of the City of N.Y.*, No. 10 Civ. 6684 (RJS), 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012) (quoting *Am. ORT, Inc. v. ORT, Israel*, No. 07 Civ. 2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009)); *see also Nat'l Union Fire Ins. Co. v. The Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (citing and quoting cases). This is because "[a] motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion nor a chance for a party to take a second bite at the apple." *Norton v. Town of Islip*, No. 04 Civ. 3079 (NGG), 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013) (alterations and internal quotation marks omitted).

Tellingly, Respondent's brief fails to discuss the standards governing reconsideration. (*See generally* Resp. Br.). Instead, Respondent focuses on general First Amendment principles. (*See id.* at 1-3). Putting aside Respondent's failure to address the appropriate standard governing its motion, it should be noted that Respondent's discussion of applicable First Amendment principles is incomplete. While Respondent purports to rely on *Doe v. Mukasey*, 549 F.3d 861(2d Cir. 2008), (*see* Resp. Br. at 2, 3, 6), Respondent neglects to mention a critical admonition of the Second Circuit in that case, which the Court quoted in its June 7 Order: "A demonstration of a reasonable likelihood of potential harm, related to international terrorism or clandestine intelligence activities, will *virtually always* outweigh the First Amendment interest in

speaking about such a limited and particularized occurrence as the receipt of an NSL and will suffice to maintain the secrecy of the fact of such receipt." *Id.* at 882 (emphasis added).

Rather than address the strict standard governing its motion, Respondent simply states that the Court must decide, "in light of recent events," whether the Government has "offered a reason" that disclosure of Respondent's identity in connection with this matter may reasonably be expected to result in harms to national security. (Resp. Br. at 3). Of course, the Court's June 7 Order already resolved that issue in favor of the Government. The proper question before the Court is whether Respondent has advanced any "controlling" matters that the Court "overlooked" in granting the Government's proposed redactions, *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or instead is simply trying to "plug[] the gaps of a lost motion with additional matters," *Scott v. City of N.Y.*, No. 02 Civ. 9530 (SAS), 2009 WL 3010593, at *1 (S.D.N.Y. Sept. 21, 2009). As described below, it is the latter, as Respondent fails to point to any new evidence that bears on the propriety of keeping its identity under seal in this case.

## II. Respondent's "Newly Discovered Evidence" Has No Bearing on the Court's June 7 Order to Maintain Under Seal Information Identifying Respondent as the Recipient of the New York NSL

Respondent argues that reconsideration of the Court's June 7 Order permitting the continued sealing of information identifying Respondent as the recipient of the New York NSL is justified by "new facts" consisting of the following: (1) ███████████████████████████████████████████████████████████████; and (2) statements by the White House Deputy Press Secretary on June 6, 2013, encouraging a debate about the appropriate scope of government surveillance programs. (Resp. Br. at 5, 6-7). Respondent, however, does not – and cannot – show that disclosures

4

concerning other national security programs have any relevance to the national security harms reasonably expected to flow from official disclosure that ▓▓▓ was the recipient of a particular NSL, (*see* Gov't June 4 Ltr. at 2-3), and thus fails to demonstrate that the Court's sealing determination should be revisited.

Indeed, none of the "new facts" asserted by Respondent pertains to NSLs at all, let alone that Respondent was the recipient of the NSL at issue in this case. ▓▓▓ ▓▓▓ pertains to an entirely different national security program – the NSA's so-called "Prism" program, which ▓▓▓

▓▓▓ The statutory provision under which Prism operates – namely, Section 702 of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1881a – is completely different than and separate from the statutory provision governing NSLs, 18 U.S.C. § 2709. *See* http://www.dni.gov/files/documents/Facts%20on%20the%20Collection%20of%20Intelligence%20Pursuant%20to%20Section%20702.pdf. These statutory schemes set out different avenues and standards for the collection of information, and authorize the collection of different types of information. *See id.*; *compare* 50 U.S.C. § 1881, 1881a *with* 18 U.S.C. § 2709. This case has nothing to do with "Prism" or Section 702 of FISA.

The June 6, 2013, statements of the White House Deputy Press Secretary are similarly inapposite. Those statements concern certain business records collected pursuant to Section 215 of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1861, and relay that the White House welcomes a debate on striking the proper balance between protecting the United States and protecting the civil rights and constitutional liberties of Americans. *See*

5

http://www.whitehouse.gov/the-press-office/2013/06/06/press-gaggle-deputy-principal-press-secretary-josh-earnest-and-secretary. Respondent's reliance on these statements is thus also misplaced.

None of these "new facts," which discuss other types of national security process besides NSLs, remotely bear on the question of whether disclosing the fact that Respondent was the recipient of a *particular NSL* may result in national security harms, so as to call into question the Court's determination that continued sealing of Respondent's identity in this case is appropriate. Indeed, Respondent makes no attempt to draw the requisite connection, or to take issue with the Government's prior showing of harms. (*See* Resp. Br. at 6-7; Gov't June 4 Ltr. at 2-3 (describing harms)). Instead, Respondent claims, in conclusory fashion, that continued sealing of its identity *in this matter* "serves only to censor ▮ ability to inform the public debate, to prevent it from fulfilling its promise of transparency, and to constrain it in its defense of its business." (Resp. Br. at 7). But Respondent fails to assert that this argument could not have been made prior to the June 7 Order, or explain how its "newly discovered evidence" has any particular relevance to it. Accordingly, Respondent's "newly discovered evidence" is not relevant evidence at all, and does not justify reconsideration of the Court's June 7 Order.

### III. Respondent's ▮ and News Reporting Substantially Pre-dating the June 7 Order Do Not Supply a Proper Basis for Reconsideration of the Court's June 7 Order

Respondent concedes that the Government's request to redact its identity "may have made sense on June 5," (Resp. Br. at 6), yet also claims that in light of its ▮ and press reporting in early April and the end of May ▮ *In re National Security Letters*, No. 13-mc-80063 (N.D. Cal.) (SI), the sealing orders governing the two cases serve "only to gag [Respondent]." (*See* Resp. Br. at 4-5 (citing ▮

6

and press reports dated April 4, 2013, April 5, 2013, and May 31, 2013)). To the extent Respondent is arguing that its ▊▊▊▊ and these press reports justify reconsideration of the June 7 Order, Respondent is wrong. Respondent's failure to present this evidence in response to the Court's request for the parties' positions on the continued sealing of this case forecloses this argument. Moreover, in any event, neither the ▊▊▊▊ nor the April and May press reporting constitutes evidence that the Court "overlooked," as such evidence had been brought to the Court's attention.

An argument is not a proper ground for a motion for reconsideration if the movant failed to raise it in connection with the underlying motion, and has no excuse for this failure. *Redd v. N.Y.S. Div. of Parole*, – F. Supp. 2d –, 2013 WL 588233, at *2 (E.D.N.Y. Jan. 24, 2013) (internal citations omitted); *see also R.B. ex rel. A.B.*, 2012 WL 2588888, at *4 ("Indeed, the law in this Circuit is clear: a party is not permitted to put forth new facts, issues, or arguments that were not presented to the court on [the original] motion." (internal quotation marks and citation omitted; citing cases)); *id.* at *5. Here, Respondent's ▊▊▊▊ and the press accounts cited by Respondent preexisted both the Court's June 7 Order and the June 4 deadline for the parties' submissions in connection with that Order. (*See* Resp. Br. at 4-5). Respondent was free to bring these matters to the Court's attention, but chose not to, and provides no reason for its failure to do so. Accordingly, any arguments premised on this evidence are not cognizable on a motion for reconsideration. *See Norton*, 2013 WL 84896, at *3; *Redd*, – F. Supp. 2d –, 2013 WL 588233, at *2.

In any event, these are not matters "overlooked" by the Court. Local Civ. R. 6.3. Although Respondent chose not to raise these matters with the Court when invited to do so, the Government's June 4 Letter brought the ▊▊▊▊ to the Court's attention and

7

explained why the report does not undermine the national security harms that may attend disclosure of information identifying Respondent as the recipient of the New York NSL. (*See* Gov't June 4 Ltr. at 3 n.1). The Government also argued that inadvertent disclosures of Respondent's identity in this case and the case before Judge Illston do not provide a basis for unsealing Respondent's identity. (*See id.* at 3). And in its May 31 Order directing the parties to make submissions on keeping this case or any portion thereof under seal, the Court specifically referenced press inquiries it had received about this matter, at least one of which alluded to Respondent. (*See* May 31 Order).

Accordingly, neither Respondent's ⬛ nor the April and May press reports serve as a proper basis for reconsideration or otherwise constitute controlling matters that the Court overlooked in granting the Government's proposed redaction of, among other things, information identifying Respondent.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Respondent's Motion for Reconsideration of the Court's Order of June 7, 2013, Granting the Government's Request to Redact Information Identifying Respondent.[1]

---

[1] Pursuant to 18 U.S.C. § 3511(b), Respondent will have another opportunity to challenge the continued sealing of information concerning its identity in this case.

Dated:  July 3, 2013
        New York, New York

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York

By:     _____/s/_____
        TARA LA MORTE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone No. (212) 637-2746
        Facsimile No. (212) 637-2702
        tara.lamorte2@usdoj.gov

9