UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

In re NATIONAL SECURITY LETTER,

------------------------------------- X

:   INDEX NO. 13-cv-2642 (RJS)

:   CORRECTED MEMORANDUM OF LAW
    IN OPPOSITION TO THE ATTORNEY
:   GENERAL'S MOTION TO ENFORCE A
    NATIONAL SECURITY LETTER
:   PURSUANT TO 18 U.S.C. § 3511(c)

:   **FILED UNDER SEAL PURSUANT TO 18
    U.S.C. § 3511(d) AND SEALING ORDER
:   DATED APRIL 22, 2013**

:

Todd M. Hinnen (admitted *pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel.: 206.359.3384
Fax: 206.359.4384
Email: THinnen@perkinscoie.com

Attorney for ▮▮▮▮▮▮▮

## TABLE OF CONTENTS

                                                                                    Page

I.     PRELIMINARY STATEMENT ............................................................................... 1

II.    FACTUAL BACKGROUND.................................................................................... 3

       A.    Respondent [ ] ........................................................................................ 3

       B.    The Northern District of California Holds the NSL Statutes
             Unconstitutional........................................................................................... 3

       C.    [ ] Pending Petition in the Northern District of
             California ...................................................................................................... 4

       D.    The [ ] NSL Directed to [ ] .................................................................. 5

       E.    The Government's Cross-Petition in the Northern District
             of California ................................................................................................. 6

III.   ARGUMENT.............................................................................................................. 7

       A.    The Government's Petition Is Improper Because The
             Statutory Condition Precedent— [ ] Failure to
             Comply—Has Not Been Satisfied ............................................................. 7

             1.    The Plain Language of § 3511(c) Permits the
                   Government to Seek Enforcement Only Once a
                   Recipient Has Failed to Comply .................................................... 7

             2.    The Legislative History Also Indicates that the
                   Government May Seek Enforcement Only Once a
                   Recipient Has Failed to Comply .................................................... 10

       B.    Even if the Government's Petition to Enforce Were Proper,
             [ ] Filing of a Petition to Determine the Legality of
             the NSL Would be a Proper Response...................................................... 13

IV.    CONCLUSION.......................................................................................................... 13

TABLE OF AUTHORITIES

Page

CASES

Doe v. Ashcroft,
   334 F. Supp. 2d 471 (S.D.N.Y. 2004)...............................................................10, 11

Doe v. Mukasey,
   549 F.3d 861 (2d Cir. 2009).............................................................................8, 9, 10

Donovan v. Lone Steer, Inc.,
   464 U.S. 408 ..............................................................................................................11

Federal Commc'ns Comm'n v. AT&T, Inc.,
   ___ U.S. ___, 131 S. Ct. 1177 (2011)........................................................................7

Food & Drug Administration v. Brown & Williamson Tobacco Corp.,
   529 U.S. 120 (2000)...................................................................................................12

In re National Security Letter,
   --- F. Supp. 2d ---, 2013 WL 1095417 (N.D. Cal. Mar. 14, 2013) ..............3, 4, 5, 12

Robinson v. Shell Oil Co.,
   519 U.S. 337 (1997).................................................................................................9, 10

Saks v. Franklin Covey Co.,
   316 F.3d 337 (2d Cir. 2003)........................................................................................8

See v. City of Seattle, 387 U.S. 541 (1967)..........................................................................11

United States v. Equere,
   916 F. Supp. 450 (E.D. Pa. 1996)..............................................................................12

United States v. Graham,
   691 F.3d 153 (2d Cir. 2012).....................................................................................8, 9

Williams v. Taylor,
   529 U.S. 420 (2000).....................................................................................................7

STATUTES

18 U.S.C. § 2702.....................................................................................................................2

18 U.S.C. §§ 2702(c)(1)..........................................................................................................4

## TABLE OF AUTHORITIES
### (continued)

Page

18 U.S.C. §§ 2703 and 2705 ..............................................................................................2

18 U.S.C. § 2703(c) .............................................................................................................4

18 U.S.C. § 2707(e). .............................................................................................................4

18 U.S.C. § 2709 ............................................................................................1, 4, 10, 11

18 U.S.C. § 2709(c) .............................................................................................................3

18 U.S.C. § 3511(a) ....................................................................................................... passim

18 U.S.C. § 3511(b) ...........................................................................................................2, 4

18 U.S.C. § 3511(b)(2) .........................................................................................................3

18 U.S.C. § 3511(b)(3) .........................................................................................................3

18 U.S.C. § 3511(c) ........................................................................................................ passim

50 U.S.C. § 1861 ..................................................................................................................2

18 U.S.C. § 3511 ......................................................................................................... passim

**OTHER AUTHORITIES**

1 D. Kris & J. Wilson, National Security Investigations & Prosecutions (2d ed. 2012) ................13

*Black's Law Dictionary* (9th ed. 2009) .............................................................................8

H.R. REP. NO. 109-174(I), at 39-40 (2005) ..........................................................................10

U.S. Const. amend. IV ..................................................................................................10, 11

U.S. Const. amend. I ....................................................................................................3, 9

*Webster's Third New International Dictionary* 815 (1976) .................................................7

## I.   PRELIMINARY STATEMENT

The matter before the Court presents two issues:

1.    Whether the Government may initiate the process Congress established in 18

U.S.C. § 3511(c) to enforce compliance with an NSL even though the recipient

has not, as the statute requires, failed to comply with the NSL; and

2.    Whether an NSL recipient fails to comply with the NSL by exercising its right

under 18 U.S.C. § 3511(a) to seek judicial review of an NSL's legality in the

district in which the recipient resides or does business.

The answer to both questions is "no," and the Government's motion should therefore be denied

and its petition for enforcement dismissed.

As explained below, and as reflected in the plain language, structure, and legislative

history of section 3511, Congress established a process by which the recipient of an NSL may

petition a court to determine its legality prior to complying with it.  Only if the recipient declines

to comply with an NSL after the court determines that it is lawful (or the recipient foregoes the

opportunity to seek judicial review during the compliance period) may the Government initiate

an enforcement proceeding.  Here, the Government seeks to enforce an NSL before the

expiration of the compliance period and before the recipient has had an opportunity to obtain

judicial review of its legality.  Enforcement in those circumstances would be contrary to § 3511.

Accordingly, the Court should dismiss the Government's petition.

The matter before the Court also does not raise three issues to which the Government

dedicates a significant portion of its briefing.  First, it does not require the Court to determine the

constitutionality of section 2709 or 3511 of Title 18 of the United States Code.  Respondent

█████████████████  does not argue here that either statute is unconstitutional.  Second, it

does not require the Court to determine whether the Government has provided good reason to

believe that disclosure of the NSL "may endanger the national security of the United States or interfere with diplomatic relations . . ." *See* § 3511(b). ▊ has not initiated before this Court the reciprocal notice procedure suggested by the Second Circuit and adopted by the Government to challenge the nondisclosure provision of the NSL and does not argue here that disclosure would not precipitate the harms presumably alleged by the Government in its *in camera, ex parte* declaration. *See* Second Declaration of Tara M. La Morte dated April 25, 2013 ¶ 4, Ex. B (*In Camera, Ex Parte* Declaration of Stephanie Douglas, Executive Assistant Director, National Security Branch, FBI dated April 17, 2013).[1] Third, it does not require the Court to determine the appropriate basis for enforcement of an administrative subpoena. ▊ does not argue here that the NSL is unenforceable, but rather that the Government's action to enforce it is premature and therefore improper. ▊ argues that it has a right, granted by Congress in § 3511, to request judicial review of the NSL's legality prior to complying with it. Only if the Court before which ▊ avails itself of that right determines that the NSL is lawful and ▊ nonetheless refuses to comply is an enforcement action necessary or proper.

The Government seeks to enforce the NSL even though the statutory condition precedent to enforcement—the recipient's failure to comply—has not been satisfied. The plain language of the statute does not permit the Government to do so. Moreover, the effect of allowing the

---

[1] Nor does ▊ here contest the Government's assertion that as part of an ongoing, authorized national security investigation, the FBI "needed to identify the individual who is using a particular email account serviced by ▊ Government's Memorandum of Law in Support of the Attorney General's Motion to Enforce a National Security Letter Pursuant to 18 U.S.C. § 3511(c) at 6 (hereinafter "Government's Memorandum of Law"). ▊ notes that the Government has available to it several other means of obtaining that information during the pendency of ▊ request for legal review of the lawfulness of the NSL. *See, e.g.*, 18 U.S.C. §§ 2703 and 2705 (permitting the Government to obtain an order compelling production of customer records and delaying notice to the subscriber); 50 U.S.C. § 1861 (permitting the Government to obtain an order compelling ▊ to produce business records). And, of course, if the Government asserted that an emergency existed, ▊ could and would disclose the information under its emergency disclosure procedures as permitted by 18 U.S.C. § 2702.

Government to enforce an NSL the same day the recipient receives it well before the compliance period has run would be to deprive the recipient of the right granted it by Congress to obtain judicial review of its legality in the district in which the recipient resides or does business prior to complying with it. Accordingly, the Court should deny the Government's motion and dismiss its petition.

## II.      FACTUAL BACKGROUND

### A.      RESPONDENT [ ]

As an electronic communications service provider to millions of users, [ ] has received a number of National Security Letters ("NSLs"). [ ]

[ ] The Government has not alleged any pattern, or even a single instance prior to March 2013, of noncompliance with NSLs by [ ].

### B.      THE NORTHERN DISTRICT OF CALIFORNIA HOLDS THE NSL STATUTES UNCONSTITUTIONAL

On March 14, 2013, the United States District Court for the Northern District of California, the federal district [ ] granted another electronic communications service provider's petition to set aside an NSL. *See In re National Security Letter*, --- F. Supp. 2d ---, 2013 WL 1095417 (N.D. Cal. Mar. 14, 2013). In an order issued by Judge Illston, the court held that "the nondisclosure provision of 18 U.S.C. § 2709(c) violates the First Amendment and 18 U.S.C. § 3511(b)(2) and (b)(3) violate the First Amendment and

separation of powers principles." *Id.* at \*16.  The court also held that "the unconstitutional nondisclosure provisions" could not be severed from "the substantive NSL provisions," so the court was required to invalidate sections 2709 and 3511 *in toto*.  *Id.*  The Court concluded its order:

> The Government is therefore enjoined from issuing NSLs under
> § 2709 or from enforcing the nondisclosure provision in this or any
> other case.  However, given the significant constitutional and
> national security issues at stake, enforcement of the Court's
> judgment will be stayed pending appeal, or if no appeal is filed, for
> 90 days.

*Id.* [          ] assumes that the court has not compelled the petitioners in *In re NSL* to produce the documents requested in the NSL(s) pending with them while that matter remains pending.

## C.  [          ] PENDING PETITION IN THE NORTHERN DISTRICT OF CALIFORNIA

On March 29, 2013, concerned that its users were being treated differently from those of the electronic communications service provider directly subject to the order in *In re NSL* and by the potential ramifications of complying with legal process declared by the court [          ] [          ] to be unconstitutional,[2] [          ] filed under seal in the Northern District of California an Omnibus Petition for Orders to Set Aside National Security Letters and Nondisclosure Requirement Pursuant to 18 U.S.C. §§ 3511(a) and (b) in order to obtain judicial review of the legality of the NSLs then pending with [          ]  The Petition requests "that the Court set aside [all NSLs currently pending with [          ] *and any received while this Petition is pending . . .* on

---

[2] The Stored Communications Act, in which § 2709 appears, prohibits a provider such as [          ] from disclosing the information requested in the [          ] NSL to a governmental entity absent a lawful administrative subpoena or other legal process, *see* 18 U.S.C. §§ 2702(c)(1), 2703(c), and confers immunity upon [          ] only if it can rely upon such process "in good faith," *id.* § 2707(e).

the grounds that the [United States District] Court [for the Northern District of California] has declared the NSL statutes unconstitutional." (emphasis added).

███ Omnibus Petition thus requests that the Northern District of California use its inherent authority to craft equitable remedies to determine based on a factor common to each NSL (its holding in *In re NSL*) whether they are lawful. ███ sought such prospective relief to avoid the burden on the Government, ███ and the courts of re-litigating the issue each time the Government issues an NSL for as long as *In re NSL* remains in place. If ███ Omnibus Petition results in a final determination that in light of *In re NSL* NSLs issued under the current statutory provisions are unreasonable, oppressive, or otherwise unlawful, ███ will not comply with any currently-pending or subsequently-issued NSL. If the Omnibus Petition results in a final determination that the statutory provisions are lawful ███ will comply with the NSLs. The Government has filed its opposition to the Omnibus Petition, ███ has filed its reply, and Judge Illston has scheduled a hearing for May 10, 2013.

**D.    THE ███ NSL DIRECTED TO ███**

On ███ 2013, the Government issued an NSL directed to ███ (the "███ NSL"). That NSL was served upon ███ April 22, and it is the subject of the Government's petition before this Court. On April 26, 2013, ███ filed a petition in the Northern District of California under § 3511(a) expressly requesting that the Court determine as part of the matter pending before it on ███ March 29 Omnibus Petition the legality of the ███ NSL. In so doing, as explained further below, ███ availed itself of the process provided by Congress for an NSL recipient to seek judicial review of an NSL prior to complying with it. ███ did so for four reasons.[3] First, the legality of the ███ NSL is already pending before the Northern

---

[3] Because the propriety of ███ petition in the Northern District of California is not before this Court, ███ simply states the bases of its petition to provide a complete factual

District of California as a result of [ ] request for relief in the Omnibus Petition. Second, under § 3511, an NSL recipient has a right to petition a court in the district in which it resides or does business to determine the legality of the NSL. Third, [ ] expects to demonstrate to this Court that the Government's petition to enforce is improper and should be dismissed, obviating the potential complications associated with having the same question pending simultaneously in different judicial districts. Finally, as [ ] explains below, expert commentators have suggested the appropriate response of an NSL recipient to an enforcement action is to file a § 3511(a) petition seeking judicial review of the NSL's legality. Even assuming *arguendo* that the Government's petition is properly brought, therefore, [ ] filed its petition to obtain judicial review of the legality of the NSL under the standard articulated in § 3511(a) prior to complying with it.

E.     **THE GOVERNMENT'S CROSS-PETITION IN THE NORTHERN DISTRICT OF CALIFORNIA**

On April 26, 2013, the Government filed a Cross-Petition for Judicial Review and Enforcement of National Security Letters Pursuant to 18 U.S.C. § 3511(c), and in Further Opposition to [ ] Petitions in Judge Illston's court arguing, despite [ ] compliance with the procedure set forth in § 3511(a), that [ ] had failed to comply with the NSLs and was in violation of federal law. The arguments offered by the Government in support of its cross-petition are substantially similar to those set forth in its Memorandum of Law in support of its petition in this case. With the exception of the propriety of the Government's petition to enforce in this Court, therefore, all of the issues raised before this Court are currently pending before the United States District Court for the Northern District of California.

---

background and does not offer argument in support of them here.

## III.   ARGUMENT

**A.   THE GOVERNMENT'S PETITION IS IMPROPER BECAUSE THE STATUTORY CONDITION PRECEDENT— ▮▮▮▮ FAILURE TO COMPLY—HAS NOT BEEN SATISFIED.**

    **1.    The Plain Language of § 3511(c) Permits the Government to Seek Enforcement Only Once a Recipient Has Failed to Comply.**

Subsection (c) of section 3511 permits the Government "[i]n the case of a failure to comply with [an NSL]" to "invoke the aid of" a district court "to compel compliance." 18 U.S.C. § 3511(c). As the Government noted in its April 26 letter to the Court, the compliance period for the ▮▮▮▮ NSL extended until ▮▮▮▮ 2013. *See* Letter from Tara M. La Morte to the Honorable Richard J. Sullivan dated April 26, 2013 at 1. The Government filed the Petition for Judicial Review and Enforcement of a National Security Letter Pursuant to 18 U.S.C. § 3511(c) initiating this proceeding on April 22, 2013, when ▮▮▮▮ still had ▮▮ days left in the compliance period.

It is axiomatic that a "failure to comply" does not exist until the period during which the Government has requested that a recipient comply with an NSL has expired. The Supreme Court has noted that "[w]hen a statute does not define a term, we typically 'give the phrase its ordinary meaning.'" *Federal Commc'ns Comm'n v. AT&T, Inc.*, ___ U.S. ___, 131 S. Ct. 1177, 1182 (2011). Congress would not have understood ▮▮▮▮ to have "fail[ed] to comply" in the ordinary meaning of that phrase on April 22, the day it received the NSL, when by the terms of the Government's request it had until ▮▮ to respond. As the Supreme Court has also observed, "[i]n its customary and preferred sense, 'fail' connotes some omission, fault, or negligence on the part of the person who has failed to do something." *Williams v. Taylor*, 529 U.S. 420, 431 (2000); *see Webster's Third New International Dictionary* 815 (1976) (defining "failure" as "omission of performance of an action or task; *esp*: neglect of an assigned, expected,

or appropriate action"); *Black's Law Dictionary* 673 (9th ed. 2009) ("[a]n omission of an expected action, occurrence or performance"). No such "omission" or "fault" can be attributed to ▮▮▮▮ when the time for it to act has not yet expired.

Section 3511(c) provides that "the Attorney General may invoke the aid of any district court . . . [i]n the case of a failure to comply." The Government therefore may not properly seek to enforce an NSL under § 3511(c) where the recipient of the NSL has not failed to comply. Even when § 3511(c) is considered in isolation, it is easy to see why Congress would condition initiation of an enforcement action upon an NSL recipient's prior non-compliance. Neither the Government nor the courts should bear the burden of an enforcement action until it is clear that one is necessary. *Cf. Doe v. Mukasey*, 549 F.3d 861, 879 (2d Cir. 2009) (noting the Government's position that it would be "unduly burdened if the government had to initiate a lawsuit to enforce the nondisclosure requirement" of every NSL). Moreover, an NSL recipient might justifiably feel misled if the Government indicated it had ▮▮ business days to comply with a request and then brought the recipient before a court for enforcement on day ▮▮ There is a strong public policy interest in not allowing the Government to set traps for the recipients of legal process that even the wary cannot avoid.

Section 3511(c) does not exist in isolation, however; it exists as part of a carefully constructed process for judicial review established by Congress in § 3511. As the Second Circuit has noted, "[a] text's plain meaning 'can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute.'" *United States v. Graham*, 691 F.3d 153, 159-60 (2d Cir. 2012) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 345 (2d Cir. 2003)). The Second Circuit further explained that the hermeneutic exercise of statutory interpretation entails considering not only "the ordinary or natural meaning

of the words chosen by Congress" but also "the placement and purpose of those words in the statutory scheme." *Graham*, 316 F.3d at 159; *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole.").

The statutory provision here not only expressly conditions the Government's ability to invoke the assistance of a court in enforcing an NSL on the recipient's having failed to comply, it also follows a provision that permits a recipient to obtain judicial review of the legality of an NSL prior to complying with it. As previously noted, § 3511(a) vests an NSL recipient with the right to petition a court in the district in which it resides or does business to determine the legality of an NSL prior to complying with it. Both the structure and the plain language of § 3511 clearly establish a sequential process in which an NSL recipient has the ability to seek judicial review of the legality of an NSL and if a court determines it is lawful (or the recipient does not avail itself of the opportunity for judicial review) and the recipient nonetheless fails to comply, the Government may bring an enforcement action.[4]

The Court need look no further. The plain language of § 3511(c) permits the Government to initiate an enforcement action only once an NSL recipient has failed to comply. The Government did not do so in this case, petitioning the Court to enforce the NSL the same

---

[4] The Government's argument that "the Second Circuit's decision in Doe supports an immediate enforcement action by the Government," Government's Memorandum of Law at 16, turns *Doe* on its head. The Second Circuit in *Doe* suggested that *to protect the recipient's right against a prior restraint of its protected First Amendment speech*, the Government could, *at the recipient's prompting*, "initiate a judicial review proceeding *to maintain the nondisclosure requirement*." *Doe*, 549 F.3d at 879 (emphasis added). The reciprocal notice and prompt review procedure suggested by the Court in *Doe* was thus intended as a shield for the recipient, not a sword for the Government. To argue that *Doe* authorizes the Government to preempt a recipient's right to petition under § 3511(a) and initiate an enforcement action against the recipient before the compliance period set by the Government has expired is incorrect.

day it served the NSL on �row and ▢ days before the expiration of the compliance period that

the Government set.  The enforcement provision also follows in the statutory scheme a provision

that permits the NSL recipient to seek judicial review of the legality of an NSL prior to

complying with it. ▢ timely sought judicial review of the ▢ NSL pursuant to the

terms of that provision.  Because the statute's plain language and structure make clear that the

Government may seek enforcement of an NSL only after the recipient has failed to comply, the

Government's petition is improper and should be dismissed.  *See Robinson*, 519 U.S. at 340

("Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is

coherent and consistent . . .").

2.     **The Legislative History Also Indicates that the Government May Seek Enforcement Only Once a Recipient Has Failed to Comply.**

Because the statutory language is unambiguous, the Court need not consult the legislative

history of § 3511.  If the Court were to consult the legislative history, however, it would find that

Congress enacted § 3511 to establish a statutory scheme that conformed the NSL statutes with its

understanding of the Fourth Amendment by providing recipients with an opportunity for judicial

review to determine the legality of an NSL *before* complying with it.[5]

Congress established the petition process currently codified in § 3511(a) in the wake of

litigation in which § 2709 was held unconstitutional.  *See* H.R. REP. NO. 109-174(I), at 39-40

(2005) (observing that this Court had held 2709 unconstitutional because, *inter alia*, it violated

---

[5] The Government argues that the legislative history indicates that Congress intended to "provid[e] the Government with an enforcement mechanism" for NSLs.  Government's Memorandum of Law at 15 n.7.  But establishing a process for judicial review and providing the Government with an enforcement mechanism are hardly mutually exclusive, and ▢ does not dispute that Congress intended both to provide NSL recipients with a process for judicial review and, in the event of non-compliance with an NSL determined lawful by a court (or non-compliance when the recipient has not sought legal review), to provide the Government with a mechanism for enforcement.  *See Doe*, 549 F.3d at 867 (noting that in 2006, "Congress added provisions for judicial review . . .").

the Fourth Amendment because "'in all but the exceptional case it has the effect of authorizing coercive searches effectively immune from any judicial process.'") (*citing Doe v. Ashcroft*, 334 F. Supp. 2d 471, 506 (S.D.N.Y. 2004)). Congress enacted § 3511 in part to make § 2709 constitutional by establishing a process pursuant to which the searches § 2709 authorizes would be reasonable under the Fourth Amendment. *Id.* at 40.

Congress recognized that § 2709 authorized issuance of an NSL, a type of administrative subpoena, and that it would therefore be consistent with the Fourth Amendment only if it were "subject to 'judicial supervision.'" *Id.* (*quoting Doe*, 334 F. Supp. 2d. at 495). Congress cited *See v. City of Seattle*, in which the Court held that to pass constitutional muster, an administrative subpoena must afford the recipient the ability "to obtain judicial review of the reasonableness of the demand" prior to determining whether to comply with it. *Id.* (*quoting See*, 387 U.S. 541, 544-45 (1967)); *see also Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 415 (noting that for administrative subpoenas the constitution requires procedures that "provide protection for a subpoenaed [entity] by allowing [the entity] to question the reasonableness of the subpoena before suffering any penalties for refusing to comply with it, by raising objections in an action in district court."). Accordingly, Congress established in § 3511 a procedural mechanism pursuant to which the recipient of an NSL could petition a district court to obtain judicial review of whether the NSL was unreasonable, oppressive, or otherwise unlawful prior to determining whether to comply with it. *See* § 3511(a).[6]

---

[6] The Government misses the point when it argues that the cases cited by Congress in the legislative history require only that an administrative subpoena be subject to "judicial supervision" prior to the imposition upon the recipient of penalties for noncompliance. Government's Memorandum of Law at 15 n.7. ███████ does not argue that the statutory scheme in § 3511 was the *only* way for Congress to conform the NSL statutes to the Fourth Amendment; it argues only that it is the way Congress *chose* to conform the NSL statutes to the Fourth Amendment. Whether Congress could, consistent with the Fourth Amendment, have created a

The Government's argument that by availing itself of the procedural mechanism Congress created to address this constitutional concern ▇▇▇▇ has failed to comply with the NSL—that by complying with the statute ▇▇▇▇ has failed to comply with the NSL—strains credulity. *See* Government Memorandum of Law at 15. It makes little sense to suppose that Congress created a process for an NSL recipient to obtain judicial review of an NSL before complying with it, but also provided that such recipient might be forced upon pain of contempt to comply with the NSL while its petition for judicial review was pending. *See Food & Drug Administration v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-33 (2000) ("A court must . . . interpret [a] statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into an harmonious whole.") (internal quotations and citations omitted); *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996) (A court "must assume . . . that Congress did not intend to enact a nonsensical statute."). This point is underscored by the fact that, if the result of ▇▇▇▇ petition is a final determination that the NSL is lawful, ▇▇▇▇ will comply with it, just as it regularly complied with the NSLs it received before Judge Illston's March 14, 2013 order called the legality of such NSLs into question. Accordingly, no enforcement action is currently proper or necessary.

Motivated by concerns that users of its service were being treated disparately from users of the service directly subject to the order in *In re NSL* and the potential ramifications of complying with legal process held unconstitutional in *In re NSL*, ▇▇▇▇ petitioned the court in the district in which it resides and does business pursuant to § 3511(a) for judicial review of the

---

statutory scheme that did not provide NSL recipients with an opportunity to seek judicial review of an NSL's legality prior to complying with it is immaterial, and ▇▇▇▇ takes no position on that question here. The point is that, motivated by a desire to conform the NSL statutes to the Fourth Amendment, Congress *did* create a statutory scheme that provided an NSL recipient with an opportunity to seek judicial review of an NSL's legality prior to complying with it.

legality of NSLs ▮▮▮ had received before ▮▮▮ complies with them.  The Government's argument that by doing so ▮▮▮ has done something unlawful, non-compliant, or evasive is incorrect.[7] ▮▮▮ is following the compliance process set forth by Congress in § 3511.  It is the Government that, by ignoring the process set forth by Congress and seeking to enforce the NSL before ▮▮▮ has had an opportunity for judicial review and before ▮▮▮ has failed to comply, violates the statute.  The Government's motion should therefore be denied and its petition should be dismissed as improper.

**B.    EVEN IF THE GOVERNMENT'S PETITION TO ENFORCE WERE PROPER, ▮▮▮ FILING OF A PETITION TO DETERMINE THE LEGALITY OF THE NSL WOULD BE A PROPER RESPONSE.**

Even if this Court were to determine that the Government's petition is properly brought, it is appropriate for the recipient of an NSL to respond to the Government's effort to enforce an NSL by petitioning under section 3511(a) so that a court may determine the legality of the NSL. *See* 1 D. Kris & J. Wilson, National Security Investigations & Prosecutions § 20:11 (2d ed. 2012) ("In any case in which the government resorts to a court for enforcement of an NSL, the recipient may respond with a petition to modify or set aside the NSL under Section 3511(a)."). Subsection 3511(c) does not contain a legal standard against which a reviewing court may determine the legality of an NSL, so to ensure that a court determines whether the NSL is "unreasonable, oppressive, or otherwise unlawful," a prudent recipient will petition the court under § 3511(a). *See id.* ("In the rare case in which the government seeks enforcement and the recipient of the NSL does not invoke Section 3511(a), the standards in that provision might not

---

[7]*See* Government's Memorandum of Law at 2 ▮▮▮ actions show that it will not comply with any pending or prospective NSL . . ."), 8 ▮▮▮ has nonetheless refused to comply with the information requests in any of these NSLs."), 12 ( ▮▮▮ Cannot Avoid Enforcement of the ▮▮▮ NSL . . ."), 15 ▮▮▮ has put the Government on notice that it will not comply with *any* NSL . . ."), and 16 ▮▮▮ should not be permitted to evade the law governing the Second Circuit . . .").

-13-

apply."). Accordingly, even if the Government's petition to enforce were proper, and it is not,

███████ petition under § 3511(a) would be a proper and prudent response.

### IV.    CONCLUSION

For the reasons stated, ███████ respectfully requests that the Court deny the

Government's motion and dismiss the Government's Petition for Judicial Review and

Enforcement of a National Security Letter Pursuant to 18 U.S.C. § 3511(c).

Dated: Seattle, Washington.
     May ___14___, 2013

Respectfully submitted,

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel.: 206.359.3384
Fax: 206.359.4384
Email: THinnen@perkinscoie.com


By: _____
    Todd M. Hinnen (admitted *pro hac vice*)

Attorney for ███████

-14-