

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 4, 2013

**SUBMITTED UNDER SEAL PURSUANT TO 18 U.S.C. § 3511(d)
AND SEALING ORDER DATED APRIL 22, 2013**

**By E-Mail** (SullivanNYSDchambers@nysd.uscourts.gov)
The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                Re:   *In re National Security Letter*, No. 13 Civ. 2642 (RJS)

Dear Judge Sullivan:

      I am the Assistant United States Attorney representing Petitioner Eric Holder, Attorney General of the United States (hereinafter the "Government"), in the above-referenced matter in which the Government sought to enforce a National Security Letter dated ▌▌▌▌ 2013 (the "▌▌▌ NSL") that was served by the Federal Bureau of Investigation ("FBI") on Google Inc. ("Google") on April 22, 2013.  I write respectfully to request a 1 day extension of time to respond to the Court's sealed order dated May 31, 2013, which directed the parties to address whether this matter or any portions thereof should remain under seal in light of the presumption in favor of open records and Judge Illston's order dated May 20, 2013, which publically revealed the existence of this litigation, *see In re Nat'l Sec'y Ltrs.*, No. 13-mc-80063 (SI), slip op. at 4 (N.D. Cal. May 20, 2013).  The Government requires the additional day to coordinate its position on what should be unsealed in this matter.  Google consents to this request.

      In addition, as the Court may now be aware, the civil cover sheet in this action, which reveals the NSL recipient's identity, was not marked "under seal" by the clerk, notwithstanding that this entire action was filed under seal.  *See* Attachment 1.  The Government discovered this yesterday, when it obtained a copy of the civil cover sheet for the first time from the clerk's

office (the document is not available on the electronic docket).[1]  The Government was prompted to attempt to retrieve the document from the clerk's office after a reporter called late Friday afternoon and indicated that he was in possession of a document which, from his description, appeared to be the civil cover sheet.  Accordingly, at least pending the Court's decision as to what matters, if any, should remain under seal in this case, the Government respectfully requests that the Court direct the clerk's office to place the current civil cover sheet under seal, and, if necessary, substitute the civil cover sheet enclosed as Attachment 2.

We thank the Court for its consideration of these requests.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: /s/ Tara M. La Morte
TARA M. La MORTE
Assistant United States Attorney
Telephone: (212) 637-2746
Facsimile:  (212) 637-2702
tara.lamorte2@usdoj.gov

Encls.
cc:   Todd Hinnen, Esq.
      Perkins Coie
      *Attorney for Google Inc.*

---

[1] The Government was not in possession of a copy of the civil cover sheet since undersigned counsel filled it out with the clerk's assistance at the courthouse.  As noted above, the civil cover sheet does not appear on the electronic docket.